IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL COOK | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AW-08-2170 |
| KATHLEEN GREEN | : | |
| Defendant | : | |

o0o

## **MEMORANDUM**

Pending is Defendant's unopposed Motion to Dismiss or for Summary Judgment. Paper No. 9. No hearing is necessary for the disposition of this case. *See* Local Rule 105.6 (Md. 2008).

### **Background**

Plaintiff claims he was denied copies of his medical records which he requested in order to obtain Social Security disability upon his release. Paper No. 1. He claims he filed an Administrative Remedy Procedure request (ARP), but received no response. He asserts that denial of these records violates his constitutional rights. *Id*.

Defendant asserts that she is not the custodian of medical records for inmates. Rather, she explains, the medical contractor who provides medical care to inmates is the custodian of the records. Additionally Defendant claims that, after a search of ARP records, no ARP regarding access to medical records filed by Plaintiff was found. Finally, Defendant claims Plaintiff has no constitutional entitlement to the records sought.

### **Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine

> issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Defendant asserts, and Plaintiff fails to dispute, that she was not authorized to provide the medical records he sought because she is not the custodian. In addition, Defendant claims Plaintiff failed to file an administrative remedy request seeking the records. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion requirement under the Prison Litigation Reform Act extends to all aspects of prison life). Plaintiff has no federal right to either acquire his prison medical records

or apply for Social Security Disability.  Defendant is entitled to summary judgment in her favor.

A separate Order follows.


Date:  August 19, 2009

                                                        _____/s/_____
                                                        Alexander Williams, Jr.
                                                        United States District Judge